FILED
 2019 Mar-01 PM 05:34
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JANE DOE and JOHN DOE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 5:18-cv-02101-CLS |
| | ) |
| STONERIDGE HOMES, INC., | ) |
| JAMES O. WRIGHT, an individual; | ) |
| and, AMERICAN SOUTHERN | ) **OPPOSED** |
| HOMES, LLC, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO COMPEL ARBITRATION

COME NOW defendants, Stoneridge Homes, Inc., James O. Wright, and American Southern Homes, LLC, and, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*., respectfully move this Court for an order directing that plaintiffs' claims under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, as well as their state law claims for deceptive trade practices and breach of contract be submitted to binding arbitration in accordance with the terms of the Purchase Agreement with Stoneridge Homes for the construction of their house.[1] In support of this motion, defendants state as follows:

---

[1] Defendants have filed a motion to dismiss contemporaneously with this motion to compel arbitration. In the motion to dismiss, American Southern Homes argues, in part, that this Court lacks personal jurisdiction over it. Accordingly, American Southern Homes does not consent to this Court's personal jurisdiction over it in this case.

1.	Stoneridge Homes is an Alabama Corporation that builds new homes in North Alabama. James Wright is the CEO of Stoneridge Homes. (Doc. 3, ¶ 6). As a homebuilder, Stoneridge Homes clearly engages in interstate commerce. American Southern Homes is a foreign limited liability company registered to do business in the Commonwealth of Virginia. (Doc. 3, ¶ 7).

2.	On June 11, 2017, plaintiffs and Stoneridge Homes entered into a Purchase Agreement for a home to be built in phase six of the Midtowne on the Park development. (Doc. 3, ¶ 16, Doc. 3-1). The Purchase Agreement included the following arbitration provision:

> It is hereby agreed that **all claims, disputes and controversies** between Buyer and Seller arising from or related to the subject home, identified herein, or to any defect in or to the subject home or the real Property on which the subject home is situated, or the sale of the subject home by Seller, **including but not limited to** any claim for breach of contract, negligent or intentional misrepresentation, **excluding only** those claims by Seller against Buyer for Buyer's breach of this Agreement, shall be submitted to binding arbitration by and pursuant to the arbitration provision contained in the Limited Warranty Agreement, as of the Effective Date (Federal Arbitration Act (9 U.S.C. §§ 1-6). **A copy of the Limited Warranty Agreement has been made available to Buyer, and is incorporated herein by reference, and made a part of this Agreement**.

(Doc. 3-1 at § 21) (emphasis added). The Limited Warranty Agreement provided, in part:

> Whereas Seller and Buyer on this same day entered into a Purchase and Agreement ("the Contract") of which this Limited Warranty Agreement (per the terms of the 2-10 Home Buyers Warranty or the 2-10 HBW) is a part, for the sale by Seller and the purchase by Buyer of a house ("Dwelling") located upon that certain parcel of real property located in Madison County, Alabama...

(Exhibit A, Declaration of Kim Wright, ¶ 5, Ex. 1, p. 1). The 2-10 Home Buyers Warranty Application, in turn, included the following language:

> Buyer(s) agree that any and all claims or disputes between him (them) and the Builder/Seller (including any person you contend is responsible for a defect in your home) arising from or relating to the Warranty, shall be submitted to binding arbitration pursuant to the Federal Arbitration Act (9 U.S.C. §§ 1-16). By signing below, Buyer acknowledges reading the 2-10 HBW Warranty Booklet, and **CONSENTS TO THE TERMS OF THAT DOCUMENT INCLUDING THE BINDING ARBITRATION PROVISION** contained therein.

(Id., ¶ 6, Ex. 2). Finally, the 2-10 HBW Warranty Booklet included an arbitration provision which addresses, *inter alia*, the selection and authority of an arbitrator, the cost of arbitration, and the following provision for resolving disputes concerning the application of the arbitration agreement:

> The Federal Arbitration Act (9 U.S.C. § 1 et seq., ("FAA") ) shall govern the meaning and enforceability of this arbitration agreement to the exclusion of any state law relating to the meaning or enforceability of arbitration clauses or agreements. Any disputes concerning the interpretation or enforceability of this arbitration agreement, including without limitation, its revocability or voidability for any cause, the scope of arbitrable issues, and any defense upon waiver, estoppel or laches, shall be decided by the parties' appointed arbitrator.

(Id., ¶ 7, Ex. 3, § 6(B)). The plaintiffs signed the Purchase Agreement and Kim Wright signed on behalf of Stoneridge Homes. (Doc. 3-1, p. 12). Copies of the Limited Warranty Agreement and the 2-10 HBW Booklet were made available to the plaintiffs on or before June 11, 2017. (Exhibit A, Declaration of Kim Wright, ¶ 8).

3. One of the plaintiffs suffered from a disability that affected her ability to walk without mobility aids. (Doc. 3, ¶ 3). Before signing the Purchase Agreement, plaintiffs worked with Stoneridge Homes to develop changes to the selected floor plan to accommodate the use of mobility aids. (Id., ¶¶ 14-15).

4. During construction, plaintiffs became dissatisfied with Stoneridge Homes' implementation of the requested modifications to the house. (Doc. 3, ¶¶ 18-19). Plaintiffs filed suit against defendants on December 21, 2018, alleging violations of the Fair Housing Amendments Act (Count I) and the Alabama Deceptive Trade Practices Act (Count II) along with a breach of contract claim (Count III). (Doc. 1). All three claims arise out of the construction and sale of the house described in the Purchase Agreement. (Id.). Count I was alleged against all defendants while Counts II and III were alleged against Stoneridge Homes and Wright. (Id.). Plaintiffs filed an amended complaint on January 7, 2019 reasserting all three counts. (Doc. 3).

5. As a contract "affecting commerce," the Purchase Agreement is governed by the FAA. 9 U.S.C. § 2; Citizens Bank v. Alafabco, 539 U.S. 52, 55

(2003). Under the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of the contract." 9 U.S.C. § 2; Citizens Bank, 539 U.S. at 55.

6. Based on the facts alleged in the plaintiffs' complaint and amended complaint, their claims clearly falls within the scope of the arbitration provision contained in the Purchase Agreement.

7. By its plain language, the arbitration provision covers "all claims, disputes and controversies between Buyer and Seller" related to the "subject home," "any defect in or to the subject home" or "the sale of the subject home by the Seller." This unquestionably includes all three claims against Stoneridge Homes as they all arise out of the defendants' actions and statements during the construction, negotiation, and purchase of the "subject home." See, e.g., Triple I: Intern. Investments, Inc v. K2 Unlimited, Inc., 287 Fed. Appx. 63 (11th Cir. 2008) (arbitration provision applicable to "any legal dispute arising from" agreement included fraud claim); Gregory v. Electro-Mechanical Corp., 83 F.3d 382, 384 (11th Cir. 1996); Telecom Italia, SpA v. Wholesale Telecom Corp., 248 F.3d 1109 (11th Cir. 2001); see also General Motors Corp. v. Stokes, 850 So. 2d 1239, 1243 (Ala. 2002) (arbitration provision applicable to claims "arising under or relating to" relocation agreement included fraud claim).

8. Neither James Wright nor American Southern Homes was a party to the Purchase Agreement. (Id.). However, Wright was acting as an agent or employee of Stoneridge Homes, and thus the plaintiffs should likewise be compelled to arbitrate their claims against Wright as he was an agent or employee of "Seller" acting within the scope of that agency or employment. Hanover Ins. Co. v. Atlantis Drywall & Framing LLC, 611 Fed. App'x. 585, 589 (11th Cir. 2015); Monsanto Co. V. Benton Farm, 813 So. 2d 867, 874 (Ala. 2001).

9. Finally, the plaintiffs should be compelled to arbitrate their claim against American Southern Homes based on the doctrine of "intertwining" because that claim is inextricable from the claims against Stoneridge Homes and Wright. Hanover Ins. Co., 611 Fed. App'x. at 590.

10. Defense counsel has discussed this motion with plaintiffs' counsel. Plaintiffs' counsel has indicated that his clients are opposed to this motion, and therefore have failed and refused to consent to arbitration per the terms of the relevant contract.

**WHEREFORE**, defendants respectfully moves this Court for an order compelling plaintiffs to submit their claims to arbitration and staying all proceedings in this case until the completion of arbitration.

                                                                         s/ David J. Canupp
                                                                         David J. Canupp

                                                                         s/ J. Bradley Emmons
                                                                         J. Bradley Emmons

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: djc@lanierford.com & jbe@lanierford.com

Attorneys for Defendants Stoneridge Homes, Inc.,
James O. Wright and American Southern Homes, LLC

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

Edward I. Zwilling
LAW OFFICE OF EDWARD I ZWILLING LLC
4000 Eagle Point Corporate Drive
Birmingham, AL 35242
Phone: 205-822-2701
Email: edwardzwilling@zwillinglaw.com

on this the 1st day of March, 2019.

                                          s/ David J. Canupp
                                          David J. Canupp